The opinion of the Court was delivered by
Bermudez, C> J.
The contention in this case involves the title to the judgment rendered in it. Prom a finding in favor of G-. W. Cary, who claims to have acquired it from the plaintiffs, T. M. Gill has appealed.
It appears that on January 7th, 1879, on producing to the District Court a written instrument, signed by one representing himself as authorized, and which purported to bargain, sell and transfer to G. W. Cary, for and in consideration of $1,100, in cash and notes, all the right, *768 title and interest of the plaintiffs, in and to said judgment, an ex parte motion was made and an order thereon was obtained subrogating Cary. The motion containing further an averment of payment of said judgment, an order was simultaneously procured declaring the judgment. satisfied.
Shortly after, apprehensive that the instrument authorized a transfer and subrogation to one-half interest only, the court proprio motu. rescinded the orders and had Cary’s attorney notified. Thereupon, the latter took a rule on T. M. Gill, who was named in the deed as owner of one-half of the judgment, to show cause why the proprio motu rescinding order should not be annulled and the first orders of subrogation and satisfaction reinstated. This rule rests upon the averments that Gill, both before and after the date of the instrument, admitted that he had no title of ownership to the judgment, and that whatever title he might appear to have was a nullity, because acquired in violation of the prohibitory law which forbids attorneys from purchasing litigious rights falling under the jurisdiction of the courts in which they exercise their functions. R. C. C. 2447.
When the rule came up, Gill objected to the same, for want of interest in Cary, and resisted, when offered, .the admission of oral testimony to alter, vary, change, explain or contradict the act of sale and subrogation, which was the basis of the order sought to be reinstated. The objections were overruled, the trial proceeded, witnesses were heard, but a bill of exceptions was reserved.
Cary had an apparent interest in taking the rule, as he had such in reinstating an order in his favor, subsequently ex parte revoked. Ho had an interest in having himself recognized as substituted to all the rights of Buck & Beauchamp, in and to the entire judgment, and as it appeared to him that Gill claimed, without right, to own the half interest in and to it, he had a right to test that pretension. Gill could have objected to the form of the proceeding and required a direct action, but did not do so. Under the showing, Cary had a right to be heard.
The question presented was: whether the Court should annul its rescinding order and reinstate the first decree of subrogation and satisfaction. The rule did not contemplate the rendition of a new order, as though the first had not been made. It would have been more regular for it to have done so, as it agitated the question, not whether the first decree was justified by the showing made, but whether, for the reasons stated in it and not found in the first motion, Gill had or not a title or interest in and to the judgment.
It is apparent, however, that the act declares that its “true intent and meaning is to convey to G. W. Cary a one-half interest in the claim, the other half being owned and controlled by T. M. Gill, of New *769 Orleans. The act is the deed of Buelc & Beauchamp, whose assign and subrogee G. W. Cary claims to be. It contains the formal recognition of aright of ownership to half of the judgment in Gill, who has accepted the stipulation and who stands upon it making himself thereby party to the act, as effectually so as if he had signed it at its date.
The rule is too well established, by law and jurisprudence, to be questioned, that parol evidence or testimonial proof shall not be admitted against or beyond whatis contained in the acts, nor on what may have been said before or at the time of making them, or since, by the parties to them, unless upon charges of fraud, error, violence, etc. Contra fidem seripti, testis non adhibetur. R. C. C. 2275, 2236, 2238 ; H. D. p. 534 ; L. D. p. 25Ü.
The testimony to prove that Gill disclaimed title was, therefore, improperly received. But, conceding that it was legally admitted and shows such disclaimer, we are at a loss to perceive what right the absence of the ownership of that half in the judgment, in Gill, could confer on Cary the right to be recognized as owner of the entire judgment, when, by the very terms of the act, its true intent and meaning was to convey to him a one-half interest only in the claim.
Standing, then, on the rights of the original plaintiffs to that extent only, Cary could not possess the right which they could have exercised, of attacking the acknowledgment of ownershi]) in Gill’s favor, on the ground of acquisition by him in violation of a prohibitory law. That right, whatever it be, if it exist, belongs exclusively to the original plaintiffs.
The District Judge has revoked his rescinding order and reinstated, in its entirety, the order of subrogation and satisfaction, the correctness of which, to the extent of the one-lialf interest therein unquestionably transferred to Cary by the plaintiffs, Gill has no interest to contest. Although tiie appellee has not asked an amendment of the judgment, whicii is correct in part, we think we are authorized to say distinctly that Cary’s right, as subrogee, to such half, is not to be affected by our decree, which we will make clear.
It is, therefore, ordered and decreed, that the judgment appealed from be reversed, as far as it recognizes G. W. Cary as the owner of the one-half interest mentioned in the act of transfer, as owned and controlled by T. M. Gill; and it is now ordered and decreed, that the rule of G. W. Cary, to rescind and reinstate, be denied, as far as it seeks to have him recognized as the owner of said half interest, to the exclusion therefrom of T. M. Gill, and that Cary pay costs of appeal.
Levy, J., absent.